SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,
v.
Israel G. GROSSMAN, George Hirshberg,
Alan Hirshberg, Walter Herzberg, Saul
Listokin, Norman Stein and David Lev,
Defendants.

No. 87 Civ. 1031 (SWK).
United States District Court,
S.D. New York.
March 10, 1987.

Securities and Exchange Com'n by Steven Rosenberg, Gary S. Kaminsky, and Anne C. Flannery, William McLucas, New York City, Washington, D.C., for plaintiff.

Irving P. Seidman by Allen L. Weintraub, New York City, for defendant, Grossman.

Dennis Rapps, New York City, for defendants, George and Alan Hirshberg.

Richard S. Berne, John Fedders, Miller, Cassidy, Larroca & Lewin, Washington, D.C., Paul K. Rooney, New York City, for defendant, Walter Herzberg.

LaRossa Mitchell & Ross, New York City, for Norman Stein.

Gallop, Dawson & Clayman by Charles Clayman, New York City, for Shimon Lev.

Kostelanetz & Ritholz, New York City, for Saul Listokin.

Kronish Lieb Weiner & Hellman, New York City, for David Lev.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This case is presently before the Court on (1) defendant Stein's motion for an adjournment of the date of the trial [1] or alternatively for a stay of all the civil proceedings in this case pending the outcome of related criminal proceedings,[2] and (2) plaintiff's motion for preclusion against defendants George Hirshberg, Alan Hirshberg, and Norman Stein, and any other defendant who will refuse to provide any discovery to plaintiff based on an assertion of his right against self-incrimination.[3]

### BACKGROUND

On February 17, 1987, plaintiff, the Securities and Exchange Commission ("the SEC") brought an Order to Show Cause before this Court requesting (1) an order temporarily restraining and enjoining defendants Israel Grossman, George Hirshberg, Alan Hirshberg, Walter Herzberg, Saul Listokin, Norman Stein and David Lev ("the defendants") from further violations of Section 10(b) of the Securities and Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 (17 C.F.R. § 240.10b-5) promulgated thereunder; (2) an order temporarily

1. Defendant Lev addressed the Court separately by letter dated March 5, 1987, requesting a one week adjournment of the trial date. The Court thus assumes that defendant Lev joins this part of defendant Stein's motion.

2. As of this date only one criminal action—against defendant Israel Grossman—has been instituted. Defendant Grossman brought a separate Order to Show Cause and motion to stay the civil proceedings pending termination of the criminal proceedings against him, on March 5, 1987. Grossman requested that the proceedings be stayed, that he be excused from appearing at his deposition which was scheduled to be held at 2:30 that afternoon, and that he be excused from answering the complaint and providing other discovery in the case. In an appearance before Judge Carter, who was acting as Part One Judge, defendant Grossman withdrew his Order to Show Cause upon plaintiff's consent to adjourn the deposition for one day, to March 6, 1987. Even though Grossman's motion was vacated, the Court assumes that defendant Grossman joins defendant Stein's request to stay the civil proceedings pending disposition of criminal proceedings in this matter.

3. At the time plaintiff made this motion only defendants George and Alan Hirshberg and Norman Stein had formally asserted their right to refuse to testify.

freezing certain assets; (3) an order for an accounting of assets; (4) an order for special appointment to serve process; (5) an order directing extraterritorial service; and (6) an Order to Show Cause why a preliminary injunction should not be issued against defendants extending the temporary relief and restraining defendants from further violations of the statutes and rules described above.

Plaintiff alleges that defendant Israel Grossman misappropriated material non-public information relating to the reorganization of Colt Industries from his former employer, the law firm of Kramer, Levin, Nessen, Kamen & Frankel ("Kramer Levin"), and passed that information to the other defendants in a series of telephone calls made from his office. In July of 1986, Kramer Levin was retained to represent the Colt Industries pension plan in connection with a recapitalization plan whereby all shareholders, except the pension plan, would receive a considerable amount of money—well over the existing share price—and in addition, a share of stock. Grossman was an associate in Kramer Levin's pension department, and although not assigned to the Colt Industries case, allegedly actively recruited information about the corporation's reorganization from other associates in the department. The other defendants allegedly took advantage of the information they received—either directly or indirectly—from Grossman to purchase deep out-of-the-money call option contracts for Colt common stock. Following the public announcement of the recapitalization, Colt stock rose approximately 27 points. Defendants allegedly reaped profits of approximately $1.5 million on a total investment of less than $34,000—nearly a 4,300 percent return on their options.

Plaintiff alleges further that while some of the profits allegedly obtained as a result of this scheme are still on deposit in brokerage houses located in the United States, other assets have been dissipated in the following manner: 1) defendant Lev allegedly transferred at least $25,000 of the

proceeds from his trading to an account in the Bahamas; and 2) defendant Herzberg allegedly wire transferred funds to an account at Bank Leumi in Israel.

On February 17, 1987, the Court entered a temporary restraining order, which the parties agreed would be effective until March 9, 1987, and set a hearing on that date. The Court also ordered a freeze on the defendants'—with the exception of Saul Listokin's—assets subject to the litigants' ability to stipulate to a carve-out of reasonable living expenses and attorney's fees.[4]

On February 20, 1987, the Court held a conference in the case at which, pursuant to Rule 65 of the Federal Rules of Civil Procedure, it ordered that the hearing on the preliminary injunction be consolidated with the trial on the merits. Both were scheduled to take place on March 9, 1987— the original hearing date. Defendants filed their motions for adjournment and/or to stay all civil proceedings in this case pending the disposition of the related criminal proceedings shortly thereafter.

On March 6, 1987, the parties consented to an adjournment of the March 9, 1987 trial to a date to be set by the Court, and to maintenance of the freeze on the defendants' assets. The Court will thus not address defendants' motion to adjourn.

*Stay of Civil Proceedings Pending Disposition of Related Criminal Proceedings*

It is well established that "the Federal government may pursue related civil and criminal actions arising out of the same set of operative facts either 'simultaneously or successively'". *Securities and Exchange Commission v. Musella,* 38 Fed. R.Serv.2d 426, 427 (S.D.N.Y.1983) (citing *United States v. Kordel,* 397 U.S. 1, 11, 90 S.Ct. 763, 769, 25 L.Ed.2d 1 (1970)). There exists no constitutional requirement that civil proceedings be stayed pending the outcome of criminal proceedings. *Securities and Exchange Commission v. Dresser Industries, Inc.,* 628 F.2d 1368, 1375 (D.C. Cir.), *cert. denied,* 449 U.S. 993, 101 S.Ct.

**4.** On February 20, 1987, the parties entered into a stipulation regarding living expenses and attorney's fees.

529, 66 L.Ed.2d 289 (1980). A court, however, may decide in its discretion to stay civil proceedings or postpone civil discovery, "when the interests of justice seem[ ] to require such action, sometimes at the request of the prosecution, ... sometimes at the request of the defense". *Id.* (citing *Kordel, supra,* 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27 (citations omitted)).

■ Defendants argue that if they are required to go to trial in this civil action before the disposition of related criminal proceedings in this case their Fifth Amendment right against self-incrimination will be impaired. Specifically, defendants argue that they will be forced to take the Fifth Amendment during the course of the civil proceedings so as to protect their right against self-incrimination in the subsequent criminal proceedings, and that as a result a negative inference can be drawn against them in the civil proceedings. *See Baxter v. Palmigiano,* 425 U.S. 308, 319, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976); *Brink's, Inc. v. City of New York,* 717 F.2d 700, 708 (2d Cir.1983).

The Court appreciates the defendant's dilemma; however, it does not find that their situation merits a stay on all civil proceedings in this case.

In *Musella, supra,* the court stated, "[t]he discomfort of defendant's position does not rise to the level of a deprivation of due process. Others have faced comparable circumstances; the choice may be unpleasant, but it is not illegal, and must be faced." In addition, in *Gellis v. Casey,* 338 F.Supp. 651 (S.D.N.Y.1972) the court stated generally, "[p]laintiff has no constitutional right to be relieved of the burden of the choice he faces. There is no violation of due process where a party is faced with the choice of testifying or invoking the Fifth Amendment.... Any witness in a civil or criminal trial who is himself under investigation or indictment is confronted with the dilemma of choosing to testify or to invoke his privilege against self-incrimination. Nevertheless, he must make the choice despite any extra legal problems and pressures that might follow." *Id.* at 653 (citations omitted).

It is, however, unconstitutionally coercive to condition the exercise of the Fifth Amendment privilege against self-incrimination on the loss of substantial economic interests. *Garrity v. New Jersey,* 385 U.S. 493, 498, 87 S.Ct. 616, 619, 17 L.Ed.2d 562 (1967) (unconstitutional to automatically remove police officers from office based on invocation of their Fifth Amendment right against self-incrimination during state investigation). This principle has been applied only in situations where (1) the sanctions imposed were so severe as to be inherently coercive, and (2) the sanctions followed automatically upon exercise of the right to remain silent. *Securities and Exchange Commission v. Gilbert,* 79 F.R.D. 683, 685 (S.D.N.Y.1978).

Defendants do not meet these criteria. If defendants invoke their right to remain silent at the civil proceeding the adverse inference that may be drawn will be only one of a number of factors the factfinder will consider, *Lefkowitz v. Cunningham,* 431 U.S. 801, 808 n. 5, 97 S.Ct. 2132, 2137 n. 5, 53 L.Ed.2d 1 (1977), and will be given no more evidentiary value than the facts of the case warrant, *Baxter, supra,* 425 U.S. at 318, 96 S.Ct. at 1558. Defendants' refusal to testify will by no means automatically result in their forfeiting the outcome of the civil proceeding in this case.

Defendants' motion for a stay of the civil proceedings pending the outcome of criminal proceedings in this case is thus DENIED.

*Preclusion*

■ The Court recognizes that if a party fails to allow pre-trial discovery of evidence on his claim of privilege, a preclusion order should be entered to bar his subsequent use of the evidence. *Securities and Exchange Commission v. Cymaticolor,* 106 F.R.D. 545, 549–550 (S.D.N.Y.1985); *Securities and Exchange Commission v. Mason Benson,* No. 84–2263 (S.D.N.Y. April 9, 1985) (Leval, J.) [available on WESTLAW, 1985 WL 1308].

Defendants in this case, however, are notified only as of this date that this case will not be stayed pending the disposition

of criminal proceedings. Defendants should be given an opportunity to respond to discovery under the present circumstances of this case.

Plaintiff's preclusion motion is thus DENIED, without prejudice to renew.

SO ORDERED.