In re Robert K. MARCECA, Debtor.

**AMSAVE CREDIT CORPORATION, Plaintiff,**

v.

**Robert K. MARCECA, Defendant.**

**Bankruptcy Nos. 90 B 20782, 91 Adv. 6106A.**

United States Bankruptcy Court, S.D. New York.

Sept. 25, 1991.

See also, 131 B.R. 779, and 129 B.R. 371.

Graham & James, Attorneys, New York City, for plaintiff.

Haythe & Curley, New York City, for debtor.

## DECISION ON DEBTOR'S MOTIONS TO DISMISS CLAIM I OF PLAINTIFF'S COMPLAINT AND TO STAY THE ADVERSARY PROCEEDING

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The Chapter 7 debtor, Robert K. Marceca, invokes Bankruptcy Rules 7012 and 7009 and Federal Rules 12(b)(6) and 9(b) for a dismissal of Claim I in the complaint filed by AmSave Credit Corporation ("AmSave") on the ground that Claim I parrots 11 U.S.C. § 727(a)(2) and fails to plead fraud with particularity. The debtor also requests that the court stay the plaintiff's discharge action against him until the conclusion of an ongoing criminal investigation of his financial dealing now being conducted by the United States Attorney for the Southern District of New York.

### FACTUAL BACKGROUND

The debtor filed with this court his voluntary petition under Chapter 7 of the Bankruptcy Code on August 14, 1990. Pursuant to 11 U.S.C. § 301, the commencement of the debtor's voluntary Chapter 7 case constituted an order for relief under such chapter.

On June 14, 1991, the last day for filing objections to the debtor's discharge, AmSave filed with this court a summons and complaint containing six claims or counts objecting to the discharge and dischargeability of its claims against the debtor pursuant to 11 U.S.C. §§ 523 and 727.

During the past several months, the debtor has been the target of a pending federal criminal investigation by a grand jury and the United States Attorney's Office for the Southern District of New York. The focus of the investigation is the debtor's business practices and his relationship with financial institutions which loaned money to either the debtor or partnerships or corporations in which the debtor was a partner or officer. This probe has included inquiries into financial statements which were allegedly supplied by, or on behalf of, the debtor. Upon the advice of counsel, the debtor has been instructed to invoke his fifth amendment privilege with respect to all matters which fall within the scope of the criminal investigation.

### DISCUSSION

#### *Leave To Amend Complaint*

The first claim in the complaint reads as follows:

7. Defendant, with the intent to hinder, delay or defraud plaintiff, has transferred and concealed, or permitted to be transferred and concealed, his property within one year prior to the Petition Date.

8. In the alternative, if defendant, with the intent to hinder, delay or defraud plaintiff, did not transfer and conceal, or permit to be transferred and concealed, his property within one year prior to the Petition Date (as alleged in paragraph 7 of this Complaint), then he did so after the Petition Date.

9. Pursuant to Bankruptcy Code Section 727(a)(2)(A), defendant's debts should not be discharged.

10. In the alternative, pursuant to Bankruptcy Code Section 727(a)(2)(B), defendant's debts should not be discharged.

*AmSave's Complaint,* at ¶¶ 7–10.

■ It is apparent from the face of the pleading that AmSave's first claim does not state with particularity any factual allegations to support its claim for relief. Claim I merely paraphrases 11 U.S.C. § 727(a)(2) and does not identify any property which the debtor allegedly transferred or concealed. A complaint which fails to identify what property was transferred, concealed, removed, destroyed or mutilated does not satisfy Federal Rule of Civil Procedure 9(b), which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *In re Jenkin,* 83 B.R. 733, 734–35 (9th Cir. BAP 1988); *In re Marceca,* 127 B.R. 328, 332 (Bankr. S.D.N.Y.1991); *In re Zell,* 108 B.R. 615,

624 (Bankr.S.D.Ohio 1989); *In re Potter*, 88 B.R. 843, 847 (Bankr.N.D.Ill.1988).

■ The first claim in the instant case does not apprise the debtor as to which property was allegedly transferred or concealed, when such transfer or concealment occurred and other underlying details so as to afford the debtor an opportunity to prepare an answer and defense with respect to the alleged wrongful conduct. The first claim merely recites the statutory language in 11 U.S.C. § 727(a)(2) and must be dismissed as insufficient within the requirements of Federal Rule of Civil Procedure 9(b) because it does not state a proper claim under 11 U.S.C. § 727(a)(2). However, Federal Rule of Civil Procedure 15(a), as adopted by Bankruptcy Rule 7015, provides that the court should grant leave to amend "freely ... when justice so requires." Bankr.R. 7015(a). The decision to grant leave to amend is within the discretion of the court, but refusal to grant leave must be based on a valid ground. *Oliver Schools, Inc. v. Foley*, 930 F.2d 248, 253 (2d Cir.1991); *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir.1990) (quoting 2A Moore's Federal Practice ¶ 12.14, at 12–99 (2d ed. 1989)).

■ The debtor reasons that because AmSave waited to file its complaint until the last day permitted under Bankruptcy Rule 4004(a), it should not be allowed to amend its complaint, which was evidently filed at that time in order to avoid the bar date. This argument, however, also gives rise to some reverse logic because the 60–day bar date for filing objections to a debtor's discharge, as expressed in Bankruptcy Rule 4004(a), reflects a very short time frame for filing complaints. Providing a plaintiff whose complaint has been dismissed with an opportunity to amend is especially important in discharge cases because of the short time frame in which such complaints must be filed. *In re Gunn*, 111 B.R. 291, 293 (9th Cir. BAP 1990); *In re Englander*, 92 B.R. 425, 428 (9th Cir. BAP 1988); *In re Jenkin*, 83 B.R. at 735.

There does not appear to be any prejudice to the debtor by allowing AmSave to amend its complaint, especially in light of the fact that the debtor seeks a stay of this adversary action until after the close of the pending criminal investigation. The debtor cites *In re Primack*, 89 B.R. 954 (Bankr. S.D.Fla.1988), as authority for the proposition that amendments to complaints should be denied where there are specific deadlines for filing such complaints. However, the *Primack* case is inapplicable to the instant case because there the court simply refused to allow amendments to conform to the proof at trial in an adversary proceeding objecting to a debtor's discharge. Manifestly, the instant case is not even close to trial, as reflected by the maneuvering of the parties. We are only at the pleading stage, where "leave to amend at least once should normally be granted as a matter of course." *Oliver Schools*, 930 F.2d at 253.

### *Stay Pending Criminal Investigation*

The debtor seeks a stay of AmSave's adversary proceeding under 11 U.S.C. §§ 523 and 727. He maintains that a stay is necessary to protect his constitutional privilege against self-incrimination and to prevent the criminal authorities from obtaining potentially incriminating material from the liberal discovery procedures available in bankruptcy litigation which would not otherwise be discoverable under the rules of criminal procedure. The debtor contends that his fifth amendment rights would be impaired if he is required to defend AmSave's adversary proceeding before the conclusion of the criminal investigation. Moreover, he asserts that the facts underlying AmSave's complaint and the criminal investigation are substantially the same because both seek to delve into his financial dealings and financial statements which were supplied to potential lenders and investors, although the legal theory underlying AmSave's litigation has a different focus than the grand jury investigation.

The Chapter 7 trustee and the debtor have agreed to extensions of the trustee's time to object to the debtor's discharge while the criminal investigation continues. Hence, the debtor maintains that a stay of

the AmSave action will not affect the trustee's right or ability to file an objection to his discharge. Additionally, the debtor argues that AmSave's rights would not be impaired by a stay, especially in view of the fact that AmSave will cause a delay in the action by being allowed to amend its complaint to cure the defective first claim which fails to plead fraud with particularity.

■ Although there is no constitutional mandate for a stay of civil proceedings pending the outcome of criminal proceedings, a court may, in its discretion, decide to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions in the interests of justice, either at the request of the prosecution or at the request of the defendant. *SEC v. Dresser Industries, Inc.*, 628 F.2d 1368, 1372 (D.C.Cir.) (en banc), *cert. denied*, 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980). However, a complete stay of a pending civil action until the outcome of related criminal proceedings is an extraordinary remedy. *Weil v. Markowitz*, 829 F.2d 166, 174 n. 17 (D.C.Cir.1987). One court in this district has observed that "[t]he weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharmaceutical, Inc. Securities Litigation*, 133 F.R.D. 12, 13 (S.D.N.Y.1990).

■ In the instant case, the debtor has not been indicted and may not be indicted if the investigation fails to uncover any criminal conduct. Therefore, AmSave contends that a stay at this juncture would be premature. However, a pre-indictment stay might be appropriate where both civil and criminal charges arise from the same remedial statute or the same factual transaction. The Second Circuit, in *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir.1986), ruled that the district court exercised sound discretion in staying the civil trial until the United States Attorney declined to prosecute, and in proceeding with the trial thereafter.

A pre-indictment stay of an adversary proceeding objecting to a debtor's discharge in bankruptcy is especially appropriate. In a nonbankruptcy civil action, a defendant might have to risk civil liability in order to protect exposure to criminal punishment. However, an individual debtor in a bankruptcy case, who is also a target of a criminal investigation, might be required to relinquish a fifth amendment privilege against self-incrimination in order to avoid losing a discharge in bankruptcy which would expose the debtor to continuing liability to all prepetition creditors. A pre-indictment stay of limited duration might avoid requiring a debtor to choose between obtaining a bankruptcy discharge and exposure to a criminal conviction by participating in the bankruptcy litigation and waiving the privilege against self-incrimination. In such case, the plaintiff's right to proceed expeditiously in the bankruptcy litigation is not substantially impaired by a limited delay, whereas the debtor's fifth amendment rights would be seriously jeopardized if he is required to defend the bankruptcy litigation while he is a target of a federal criminal investigation concerning the same facts which are involved in the bankruptcy litigation. The prejudice to the debtor's fifth amendment rights is more acute in the bankruptcy context because of the liberality of discovery procedures in civil litigation as contrasted with the limited discovery allowable under the Federal Rules of Criminal Procedure. *See In re Ahead By A Length, Inc.*, 78 B.R. 708 (Bankr.S.D.N.Y.1987) (bankruptcy proceeding stayed for six months pending the disposition of related criminal proceedings).

In light of the foregoing and in the exercise of the equitable powers expressed in 11 U.S.C. § 105(a), the court will stay AmSave's adversary proceeding against the debtor until the earlier of January 31, 1992 or when the United States Attorney for the Southern District of New York declines to prosecute the debtor. In the event that the debtor is indicted before January 31, 1992, the stay will continue until such date, at which time the parties will appear in court for the purpose of reconsidering the duration of the stay.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J).

2. The court grants the debtor's motion to dismiss the first claim in the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), as incorporated in Bankruptcy Rule 7012 because it fails to plead fraud with particularity as required under Federal Rule of Civil Procedure 9(b) and Bankruptcy Rule 7009.

3. Such dismissal shall be without prejudice, in that AmSave shall be permitted to cure the defect in the first claim by amending its complaint within thirty days from the entry of the order of dismissal.

4. AmSave's adversary proceeding against the debtor is stayed until the earlier of January 31, 1992, or when the United States Attorney for the Southern District of New York declines to prosecute the debtor. In the event that the debtor is indicted before January 31, 1992, the stay will continue until such date, at which time the parties will appear in court for the purpose of reconsidering the duration of the stay.

SETTLE ORDER in accordance with foregoing.