UNITED STATES of America, Plaintiff,

v.

DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, Frederick W. Devine, President, John R. Abbatemarco, First Vice President, George J. Albert, Second Vice President, Robert J. Cavanaugh, Secretary–Treasurer, Paschal McGuinness, former President, Irving Zeidman, former First Vice President, Francis J.P. McHale, former Secretary–Treasurer, Anthony Salerno, a/k/a "Fat Tony", Vincent DiNapoli, Louis DiNapoli, Peter DeFeo, Alexander Morelli, a/k/a "Black Alex", Liborio Bellomo, a/k/a "Barney", Defendants.

No. 90 Civ. 5722 (CSH).

United States District Court,
S.D. New York.

Feb. 3, 1992.

Roger S. Hayes, Acting U.S. Atty., S.D.N.Y., New York City (Marla Alhadeff, Thomas A. Zaccaro, Gideon A. Schor, Asst. U.S. Attys., Martin C. Aronchick, Sp. Asst. U.S. Atty., of counsel), for U.S.

Morvillo, Abramowitz, Grand, Iason & Silberberg, P.C., New York City (Robert J. Anello, of counsel), Manning, Raab, Dealy & Sturm, New York City, for defendant District Council of New York City and Vicinity.

Thomas Fitzpatrick, New York City, for defendants Frederick W. Devine and Francis J.P. McHale.

Dominic F. Amorosa, New York City, for defendant Paschal McGuinness.

---

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This case is before the Court on defendants' motions for orders pursuant to Fed. R.Civ.P. 72 setting aside Magistrate Judge Katz's Order and Opinion dated November 8, 1991.

For the reasons set forth below, defendants' motions are denied.

## BACKGROUND

The allegations of the Supplemental Complaint are discussed in the Court's decision denying defendants' motion to dismiss the complaint, *United States v. District Council of New York City*, 778 F.Supp. 738 (S.D.N.Y.1991), familiarity with which is assumed.

Discovery is ongoing and the discovery deadline established by Judge Katz is presently August 31, 1992.

By Order and Opinion dated November 8, 1991 1991 WL 243385 ("Order and Opinion") Judge Katz denied the District Council's motion to compel the testimony of two non-party witnesses, Leonard Bush and Harvey Anikstein, and to compel their production of documents against their assertions of the fifth amendment privilege against self-incrimination. The District Council sought to question these witnesses about earlier immunized testimony before a state grand jury and/or state or federal prosecutors. Bush and Anikstein have asserted their fifth amendment privilege, arguing that their testimony in this civil action is not subject to immunity. Judge Katz held that he could not find that these witnesses would never be prosecuted on the basis of their testimony in this case, that the Court cannot grant immunity, and that whether any testimony that is given is covered by the previous grant of immunity is an issue that would have to be decided at any future criminal proceeding. Order and Opinion at 2–4.

Judge Katz also denied the motions of defendants McGuinness, Zeidman, Devine and McHale for stays of that portion of discovery directed at them, that is their own depositions and document production. These defendants argue that this discovery leaves them with a choice of either mounting a full defense in this civil case, and thus risking criminal liability, or invoking their fifth amendment privileges. Judge Katz denied these motions because he found that, particularly with the acquittal of McGuinness last summer, the defendants do not have criminal proceedings pending against them and so have not shown the special circumstances required for a stay of civil discovery. Order and Opinion at 7–15.

Defendants have filed timely motions to vacate these rulings and the government has filed papers in opposition.

## DISCUSSION

Under Fed.R.Civ.P. 72(a) the district court shall set aside a magistrate judge's

discovery order when it is "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1)(A). "A magistrate's resolution of pretrial discovery disputes is entitled to substantial deference." *Dubin v. E.F. Hutton Group, Inc.*, 125 F.R.D. 372, 373 (S.D.N.Y.1989); *Nikkal Industries, Ltd. v. Salton, Inc.*, 689 F.Supp. 187, 189 (S.D.N.Y.1988). " '[I]n resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused.' " *Litton Industries v. Lehman Bros. Kuhn Loeb*, 124 F.R.D. 75, 77 (S.D.N.Y.1989) (citation omitted).

### Motion to Compel

■ Defendant District Council moves for an order pursuant to Fed.R.Civ.P. 72 setting aside the Order and Opinion denying the District Council's motion to compel the testimony of Bush and Anikstein. Defendant moves under Fed.R.Civ.P. 37(a) for an order requiring Bush and Anikstein to appear for deposition and produce documents and an order barring Bush and Anikstein from asserting the fifth amendment privilege about their testimony to the state grand jury or to federal or state prosecutors under immunity.[1]

District Council argues that Judge Katz erred when he found that Bush and Anikstein still faced a risk of prosecution. Defendant contends that the government has obtained the testimony of Bush and Anikstein under grants of immunity and has prevented the District Council from taking testimony by refusing to state that Bush and Anikstein are not under investigation. District Council argues that the federal prosecutors have had access to the state immunized testimony because a state prosecutor, Martin C. Aronchick, is a Special Assistant United States Attorney in this case and because prosecutors immunized the testimony of these witnesses at the criminal trial of Paschal McGuinness. It is the District Council's position that the government can never prosecute these witnesses because it can never show that federal charges do not stem from the immunized state testimony. Consequently, defendant contends, the government is using the assertions of fifth amendment immunity as a ruse to frustrate defendant's discovery.

District Council argues that the government's use of immunized testimony given to the state grand jury is revealed by including allegations in the Supplemental Complaint based on that testimony. *See United States v. North*, 910 F.2d 843, 853–73, *modified*, 920 F.2d 940 (D.C.Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2235, 114 L.Ed.2d 477 (1991). District Council contends that the government will never be able to demonstrate that it is prosecuting Bush and Anikstein on the basis of information not derived from the immunized testimony. *See Kastigar v. United States*, 406 U.S. 441, 461, 92 S.Ct. 1653, 1665, 32 L.Ed.2d 212 (1972); *United States v. Tantalo*, 680 F.2d 903, 907 (2d Cir.1982).

The government responds that it has taken no position on the witnesses' assertions of the fifth amendment privilege but asserts that these witnesses could be prosecuted in the future. The government contends that a witness who is compelled to give immunized state testimony may be prosecuted if federal prosecutors can show that the evidence they plan to use "is derived from a legitimate source wholly independent of the compelled testimony." *Kastigar*, 406 U.S. at 460, 92 S.Ct. at 1665. The government notes that the Supreme Court has explicitly disapproved a court predetermining the *Kastigar* issue at the time of civil testimony. *Pillsbury Co. v. Conboy*, 459 U.S. 248, 261, 103 S.Ct. 608, 616, 74 L.Ed.2d 430 (1983). The government rejects the proposition that federal prosecutors have had access to immunized testimony and argues that even if they have, the Court cannot predetermine the issue of a future prosecution. The government concurs with the Judge Katz's conclusion that federal transactional immunity has not been conferred and argues that the Court cannot grant immunity. The government also represents that it has not decided

---

**1.** While the Morvillo Firm has since been replaced by the Fried Frank Firm as counsel for the District Council, the motions to vacate and to compel were fully briefed and ripe for decision before this substitution.

which witnesses it will immunize but that if it does immunize any witnesses it will give defendants access to those witnesses. Government's Memorandum of Law In Response to Defendants' Objections ("Gov. Mem.") at 6–14.

In denying the motion to compel Judge Katz relied on *Pillsbury*, where the Supreme Court held:

> Unless the grant of immunity assures a witness that his incriminating testimony will not be used against him in a subsequent criminal prosecution, the witness has not received the certain protection of his Fifth Amendment privilege that he has been forced to exchange. No court has authority to immunize a witness. That responsibility ... is peculiarly an executive one.... Nor should a court, at the time of the civil testimony, predetermine the decision of the court in a subsequent criminal prosecution on the question whether the Government has met its burden of proving that 'the evidence it proposes to use is derived from a legitimate source wholly independent of the compelled testimony.' *Kastigar*, 406 U.S., at 460 [92 S.Ct. at 1664].

*Pillsbury*, 459 U.S. at 261, 103 S.Ct. at 616. The District Council's argument that these witnesses could never be criminally prosecuted is exactly the kind of "predetermination" that the Supreme Court has held to be unacceptable. The fact that the government is the civil litigant in the case at bar, whereas in *Pillsbury* the civil litigant was private, is a distinction without a difference which does not affect this conclusion.

■ The Court cannot grant immunity because that is exclusively an executive function. *United States v. Salerno*, 937 F.2d 797, 807 (2d Cir.1991), *cert. granted*, —— U.S. ——, 112 S.Ct. 931, 117 L.Ed.2d 103 (U.S.1992). The Court cannot compel a witness in a civil action to give incriminating testimony without immunity because "at no time has the Supreme Court ever accepted anything less than a duly-authorized grant of statutory use and derivative use immunity as a substitute for the protections of the fifth amendment." *Andover Data Services v. Statistical Tab-*

*ulating*, 876 F.2d 1080, 1083 (2d Cir.1989). The Supreme Court stated that its holding in *Pillsbury* would preclude "district courts from compelling testimony in a civil deposition over a valid assertion of the Fifth Amendment privilege, absent a specific assurance of immunity for such testimony." *Pillsbury*, 459 U.S. at 264 n. 24, 103 S.Ct. at 617 n. 24.

*Pillsbury* is directly on point and was appropriately relied upon by Judge Katz. I see no reason to disturb that portion of the Order and Opinion that denied the District Council's motion to compel.

### Motion for Stay

■ Defendant Paschal McGuinness moves under Rule 72, Fed.R.Civ.P. for an order setting aside Judge Katz's Order and Opinion denying a stay of discovery as to McGuinness and for a hearing to determine whether the Civil and Criminal Divisions of the United States Attorneys' Office are acting in concert to force McGuinness to invoke his fifth amendment privilege. The complaint in this civil case was filed in September 1990 and supplemented in July 1991. McGuinness was indicted on November 29, 1990 in a five count indictment charging him with one count of conspiracy to violate the Taft–Hartley Act and four counts of substantive violations of the Taft–Hartley Act. On July 24, 1991 McGuinness was acquitted on all counts. After his acquittal McGuinness initially withdrew his motion for a stay in the civil case but when the United States Attorney's Office refused to state that McGuinness was no longer under investigation, he rejoined the motion for a stay. Affirmation of Dominic Amorosa, Esq. dated November 21, 1991 ¶¶ 2–3.

McGuinness argues that the Court should order a hearing to determine whether the Civil and Criminal Divisions are working together to force him to invoke his fifth amendment privilege, which would then allow the government to argue that an adverse inference should be drawn against McGuinness at trial or on a dispositive motion. *See Baxter v. Palmigiano*, 425 U.S. 308, 319, 96 S.Ct. 1551, 1558, 47 L.Ed.2d

810 (1976). In arguing that this collaboration exists, McGuinness points to several instances where witnesses have stated that Elizabeth Glazer, who prosecuted McGuinness, and Marla Alhadeff, who is in charge of the civil case, are working together. McGuinness Memorandum of Law In Support ("McGuinness Mem.") at 5–6.

■ Although he acknowledges that the general rule is that civil and criminal proceedings can go forward simultaneously absent special circumstances, McGuinness contends that the government's alleged strategy to force him to invoke his privilege is such a circumstance. McGuinness argues that the government is being unreasonable in its refusal to state whether or not McGuinness is under investigation and that this Court has the discretion to stay the civil action. *See Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986). As further evidence of the coordination between the Civil and Criminal Divisions McGuinness cites the fact that certain employer-witnesses against McGuinness have asserted their fifth amendment privileges despite having been previously immunized by federal prosecutors. McGuinness Mem. at 7–10.

McGuinness argues that his deposition should be stayed while the Court investigates possible coordination between the Civil and Criminal Divisions in forcing McGuinness to invoke his privilege. In addition, McGuinness contends that Judge Katz erred in not granting a stay. McGuinness Mem. at 10–11.

Defendants Devine and McHale also move to set aside the Order and Opinion because the United States Attorney's Office refuses to state whether or not they are under criminal investigation.[2] Devine and McHale contend that if the government refuses to state whether they are under investigation the Court should stay the civil discovery until the statute of limitations has run. Devine and McHale also argue that Judge Katz erred in not staying their depositions until the close of all other discovery. This delay, defendants argue, would create no prejudice and would give defendants time to consider whether to testify or not. Fitzpatrick Aff. ¶¶ 5–7.

The government responds that the defendants' mere fear of future criminal prosecution does not allow them to evade civil discovery. The government argues that the defendants' position means that simultaneous civil and criminal proceedings would never be feasible, a result the Supreme Court rejected in *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970). The government notes that district courts, including this one, have refused stays in civil actions even where criminal proceedings are actually pending. *See S.E.C. v. Musella,* 38 Fed.R.Serv.2d (Callaghan) 426 (S.D.N.Y.1983) (grand jury investigation). In the government's view the choice of testifying or asserting the fifth amendment privilege is one that courts have repeatedly refused to alleviate. *See United States v. Simon,* 373 F.2d 649, 653 (2d Cir.), *cert. granted,* 386 U.S. 1030, 87 S.Ct. 1485, 18 L.Ed.2d 591, *vacated as moot,* 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967). The government concludes by endorsing Judge Katz's holding that further delay should not be countenanced in this case because there is a substantial public interest in the speedy

---

2. Thomas Fitzpatrick, Esq., counsel for Devine and McHale, reports that while he also represents defendant Irving Zeidman, Zeidman has informed him that he has retained new counsel. Since no substitution of counsel has been filed, Fitzpatrick still represents Zeidman. Fitzpatrick represents that Zeidman no longer seeks a stay of his deposition but does ask for a brief adjournment because of scheduling conflicts. Affidavit of Thomas Fitzpatrick date November 22, 1991 ("Fitzpatrick Aff.") ¶¶ 2, 8–9. Any discovery scheduling disputes that cannot be resolved between the parties should be taken up with Judge Katz.

Fitzpatrick also reports that Zeidman told him McHale was no longer seeking a stay and was also retaining new counsel. Since he has been unable to confirm this with McHale, Fitzpatrick has moved on McHale's behalf subject to the motion being withdrawn at a later date. As I have received no indication that McHale has withdrawn his objections, I will consider his objections in this opinion.

Fitzpatrick also asks for short adjournments of the depositions of Devine and McHale because of scheduling conflicts. All such requests should be directed to Judge Katz.

resolution of this case involving alleged union corruption. Gov.Mem. at 14–19.

The standards for a stay of civil discovery because of a parallel criminal proceeding are well-established. As the Second Circuit has held,

'[T]he Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings ... Nevertheless, a court may decide in its discretion to stay civil proceedings ... "when the interests of justice seem ... to require such action." '

*Kashi v. Gratsos,* 790 F.2d at 1057 (*citing and quoting S.E.C. v. Dresser Industries,* 628 F.2d 1368, 1372 (D.C.Cir.) (*en banc*), *cert. denied,* 449 U.S. 993, 101 S.Ct. 529, 66 L.Ed.2d 289 (1980) and *Kordel,* 397 U.S. at 12 n. 27, 90 S.Ct. at 770 n. 27). "[I]t would stultify enforcement of federal law to require a governmental agency ... invariably to choose either to forgo recommendation of a criminal prosecution once it seeks civil relief, or to defer civil proceedings pending the ultimate outcome of a criminal trial." *Kordel,* 397 U.S. at 11, 90 S.Ct. at 769.

In *Dresser,* the D.C.Circuit held:

Other than where there is specific evidence of agency bad faith or malicious government tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of the defense to the prosecution in advance of criminal trial, or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it.

628 F.2d at 1376.

The Second Circuit has rejected the proposition that a witness under indictment is automatically excused from civil proceedings. *Simon,* 373 F.2d at 653. In the absence of undue prejudice or constitutional deprivation district courts have not imposed stays even where criminal indictments are pending against a defendant in a parallel civil suit. *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.,* 486 F.Supp. 1118, 1119 (S.D.N.Y.1980); *see Arden Way Assocs. v. Boesky,* 660 F.Supp. 1494, 1496–1500 (S.D.N.Y.1987) (civil defendant facing sentencing in criminal proceeding). In the case of pre-indictment requests for a stay, courts in this district "will deny a stay of the civil proceeding where no indictment has issued." *In re Par Pharmaceutical, Inc. Securities Litigation,* 133 F.R.D. 12, 14 (S.D.N.Y.1990); *see S.E.C. v. Gilbert,* 79 F.R.D. 683, 686 (S.D.N.Y.1978) and *United States v. Sloan,* 388 F.Supp. 1062, 1064 (S.D.N.Y.1975); *see also Waldbaum v. Worldvision Enterprises, Inc.,* 84 F.R.D. 95, 96 (S.D.N.Y.1979) (civil plaintiff not entitled to stay); *but see United States v. Certain Real Property,* 751 F.Supp. 1060, 1063 (E.D.N.Y.1989) and *Brock v. Tolkow,* 109 F.R.D. 116, 120–21 (E.D.N.Y.1985).

In the case at bar defendants Devine and McHale have not been indicted and defendant McGuinness, who was indicted, has been acquitted. Defendants' only complaint is that the government refuses to state whether or not they are under criminal investigation. The policy of the United States Attorney's Office in this regard does not deprive defendants of the right to due process. Defendants are simply faced with the familiar choice of testifying or asserting the fifth amendment privilege. As this Court has held, "the discomfort of the defendant's position does not rise to the level of a deprivation of due process. Others have faced comparable circumstances; the choice may be unpleasant, but it is not illegal, and must be faced." *Musella,* 38 Fed.R.Serv.2d (Callaghan) 426. The fact that defendants face a potentially unpleasant choice is no reason to stay discovery.

Defendants are not entitled to a stay of discovery based on the contention that the government is trying to force them to invoke their fifth amendment privileges. If defendants choose to remain silent, "the adverse inference that may be drawn will be only one of a number of factors the

factfinder will consider ... and will be given no more evidentiary value than the facts of the case warrant." *S.E.C. v. Grossman*, 121 F.R.D. 207, 210 (S.D.N.Y. 1987) (citations omitted); *see Gilbert*, 79 F.R.D. at 686. Defendant's argument that the United States Attorney's Office is seeking to force assertions of the privilege might carry more weight if there were pending criminal indictments against them.[3] Of course, if indictments do become a reality, defendants could again move for a stay of discovery. As the case now stands I see no need for a hearing on the conduct of the Civil and Criminal Divisions.

### ORDER

Defendant District Council's motion to vacate that portion of Magistrate Judge Katz's Order and Opinion denying the motion to compel is denied. The motions of defendants Devine, McHale and McGuinness to vacate that portion of the Order and Opinion denying the motion for a stay is denied. The case remains before Magistrate Judge Katz for supervision of pretrial matters.

---

**3.** Counsel for McGuinness points out that, as reported in the press, the Attorney General has told Senator Orrin Hatch that he is not under investigation for a role in the B.C.C.I. scandal. While McGuinness has not been favored with a comparable assurance, I decline to infer that the United States Attorney's Office is being disingenuous when it refuses to state whether there are ongoing criminal investigations of these defendants. *See* Letter of Dominic F. Amorosa, Esq. dated December 2, 1991.