## In re WHO'S WHO WORLDWIDE REGISTRY, INC., Debtor.

## Allan B. MENDELSOHN, as Chapter 7 Trustee of Who's Who Worldwide Registry, Inc., Plaintiff,

v.

## Bruce GORDON, Richard C. Grossman, Joyce C. Grossman, Publishing Ventures, Inc., Sterling Who's Who, Inc., Who's Who Executive Club, Inc., Registry Publishing, Inc., United States of America and United States Postal Service, Defendants.

Bankruptcy No. 894–81496–478.

Adv. No. 896–8106–478.

United States Bankruptcy Court, E.D. New York.

June 19, 1996.

Saloman Green & Ostrow, P.C. by Nicholas F. Kajon and Christine Jagde, New York City, for Allan B. Mendelsohn, Chapter 7 Trustee.

Backenroth & Grossman by Abraham Backenroth, New York City, for Defendants.

## DECISION DENYING MOTION BY DEFENDANTS FOR STAY OF TRUSTEE'S ADVERSARY PROCEEDING

DOROTHY EISENBERG, Bankruptcy Judge.

Before the Court is a motion by the defendants Bruce Gordon, Richard C. Grossman, Joyce Grossman, Publishing Ventures, Inc., Sterling Who's Who, Inc., Who's Who Executive Club, Inc. and Registry Publishing Inc. (collectively the "Defendants") to stay the adversary proceeding commenced by Allan Mendelsohn, the Chapter 7 Trustee (the

"Trustee"), until either criminal prosecution has been commenced or completed against certain of the Defendants, or until the relevant statute of limitations has expired.

The Trustee has objected, and requests that his action be allowed to continue. The Defendants may have in their possession, and may be using or transferring, assets which may be property of this estate. There is no assurance that any assets which may be found to be assets of the estate will be recovered by the Trustee in the event this proceeding is dismissed or stayed at this time. As a result, the Trustee may suffer undue prejudice by any unusual delay.

The motion is denied given that (1) no indictments have been issued against the Defendants to date; (2) the criminal case, if any, will most likely be based on different grounds and facts than the causes of action that are asserted by the Trustee against these defendants; and (3) the Trustee has agreed to waive discovery in his adversary proceeding and the Court will enjoin the Government from discovery, but only in regard to the issues and facts alleged in the Trustee's complaint, thereby neutralizing any prejudice to the Defendants. The denial is without prejudice, and may be reviewed upon a change of circumstances.

## FACTS

On March 22, 1994, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The filing of the petition was prompted largely due to the entry of a judgment against the Debtor in the amount of $1,649,000. The judgment was entered pursuant to a trademark infringement action commenced by Reed Publishing (Netherland) B.V. and Reed Elsevier, Inc. f/k/a Reed Publishing (U.S.A.), Inc. against the Debtor in the Federal Court for the Eastern District of New York.

In July 1994, during the pendency of this case the US Postal Inspection Service commenced a criminal investigation into Bruce Gordon and certain of the Defendants of this case concerning allegations of fraudulent schemes, including the defrauding of customers for over $22 million, in violation of mail

and wire fraud statutes. Ultimately, the Government obtained warrants for seizure of certain property, which warrants were subsequently vacated by the Eastern District Court. The Government appealed, and the Second Circuit vacated the decision and remanded the matter to the District Court for further findings and reconsideration in light of certain new evidence obtained against the Defendants.

On October 19, 1995, an order was entered appointing Allan Mendelsohn as the Operating Trustee. On January 17, 1996 the Chapter 11 case was converted to a case under Chapter 7, pursuant to a motion made by the Operating Trustee who was thereafter appointed as the Trustee. The Trustee commenced the instant action against the Defendants.

The Trustee has asserted in his complaint that Mr. Gordon, together with his sister and brother-in-law Joyce C. Grossman and Richard Grossman, controlled the Defendant companies and conspired, among other things, to commit bankruptcy fraud by diverting and/or concealing assets and income from this Debtor's estate. The Trustee is seeking the recovery of $3 million in cash, property, and proceeds which were either diverted from, concealed or fraudulently transferred from this estate.

The Government's criminal investigation is still pending in the District Court, and on April 16, 1996, the Government issued three Grand Jury Subpoenas to Mr. Gordon, the Debtor and to Sterling Who's Who (some of the "Gordon Defendants"). The subpoenas appear to focus on recovery of information concerning the Debtor's solicitation of business, and its method of doing business. For example, the subpoenas request the production of sales pitch sheets, solicitation letters, advertising, information regarding the activities at the various condominiums and penthouses owned by Gordon Defendants and the Debtor, and documents relating to benefits offered to subscribers. The overall tone of the subpoenas supports a finding that the Government's investigation is focusing on the alleged fraud perpetrated on the customers of the Debtor and the public and, except for a few questions regarding certain of the Debtor's assets, does not appear to overlap with the Trustee's efforts to set aside fraudulent conveyance and/or other transfers or to recover concealed property of the Debtor in order to be able to make a distribution to the Debtor's creditors.

On May 14, 1996, the United States of America and the United States Postal Service were added as defendants to this action, and were served with a copy of the summons and complaint shortly thereafter. They were given notice of this motion, but have not appeared at the hearing or otherwise participated in this motion.

No indictments have been issued against the Gordon Defendants, and none of the Gordon Defendants are currently on trial for alleged criminal violations. The Defendants have asked this Court to issue a stay of the Trustee's action pending the outcome of any criminal investigation or the expiration of the statute of limitations.

## DISCUSSION

The sole issue to be determined by this Court is whether, in the instant case, a stay of the civil proceedings should be granted until a criminal action against the Defendants is commenced and completed, or until the relevant statute of limitations expires.

The Second Circuit has noted that " 'the Constitution ... does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings....' " *Kashi v. Gratsos,* 790 F.2d 1050, 1057 (2d Cir.1986) (quoting *Securities and Exchange Commission v. Dresser Industries,* 628 F.2d 1368, 1372 (D.C.Cir.1980)). However, it is clear that when a civil case is pending, a court may, in its discretion, stay civil proceedings when the interests of justice so require. *United States v. Kordel,* 397 U.S. 1, 10, 90 S.Ct. 763, 768–69, 25 L.Ed.2d 1 (1970); *Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936); *Kashi v. Gratsos,* 790 F.2d at 1057. It is also universally recognized that the granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly. *Citibank v. Hakim,* No. 92 Civ. 6233, 1993

WL 481335 at *1 (S.D.N.Y.1993); *In re Marceca,* 131 B.R. 774, 778 (Bankr.S.D.N.Y. 1991); *In re Par Pharmaceutical,* 133 F.R.D. 12 (S.D.N.Y.1990).

Keeping these guidelines in mind, courts have fashioned similar balancing tests to determine whether to grant a stay. One court within the Second Circuit has developed the following six-part test, which this Court adopts:

(1) The extent to which the issues in the criminal case overlap with those presented in the civil case;

(2) Whether the defendants have been indicted (the status of the case);

(3) The private interests of the plaintiffs in the proceeding weighed against the prejudice to the plaintiffs caused by the delay;

(4) The private interests and the burden on the defendants;

(5) The interests of the courts; and

(6) The public interest.

*Trustees of Plumbers National Pension Fund v. Transworld Mechanical Inc.,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995).

Applying these factors, it is clear that a stay is not warranted at this time. Overlap of the issues has been recognized as one of the most important factors to take into consideration, as the extent to which the issues overlap in the civil and criminal case will dictate whether self-incrimination is likely. *Id.* at 1139. *See also Volmar Distributors v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993); *Brock v. Tolkow,* 109 F.R.D. 116, 119 (E.D.N.Y.1985). Here, the issues do not appear to sufficiently overlap, based on the Trustee's complaint and a review of the subpoenas. In the recent past, the Government's focus has been the alleged fraud perpetrated on the public in connection with the solicitation of customers for the Who's Who products in contrast to the Trustee's actions seeking to recover property of this estate for the benefit of its creditors. A review of the subpoenas supports this Court's conclusion that the Government's focus has not changed appreciably as most of the documents requested by the Government concern the solicitation of customers, and the parties' actions in regard to the general public. The documents and information requested surrounding the real property owned by the Defendants is not sufficient for this Court to find that the Government's action parallels the gravamen of the Trustee's action, *i.e.,* the recovery of assets for the benefit of creditors. Therefore the issues involved in the civil action and the criminal investigation are not sufficiently similar to warrant a stay of the civil proceeding.

As to the second factor, whether indictments have been issued, courts in the Second Circuit have recognized that the existence of an indictment is critical in determining whether to grant a stay. *United States v. Private Sanitation Indus. Ass'n,* 811 F.Supp. 802, 805 (E.D.N.Y.1992); *U.S. v. District Council,* 782 F.Supp. 920, 925 (S.D.N.Y. 1992); and *In re Par Pharmaceutical, Inc.,* 133 F.R.D. 12, 14 (S.D.N.Y.1990). *See also Hakim,* 1993 WL 481335 at *1 ("Although defendant Hakim allegedly is a target of a continuing grand jury investigation, he does not claim to have been indicted. Accordingly, Hakim's pre-indictment motion to stay can be denied on this ground alone.") Courts are loathe to grant a stay where no indictment has been issued, as is this Court, because the likelihood that the defendant may make incriminating statements is lessened, and the prejudice to the plaintiff due to delays is greater. In this case, the lack of an indictment is a factor weighing heavily in favor of denial of the stay. Although, as the Defendants argue, courts will on occasion grant a pre-indictment stay, this is only done when the civil and criminal charges arise from the same factual transactions. *See Marceca,* 131 B.R. at 778; *U.S. v. Certain Parcel of Land, Moultonboro,* 781 F.Supp. 830 (D.N.H.1992); *U.S. v. Certain Real Property,* 751 F.Supp. 1060 (E.D.N.Y.1989); *Brock,* 109 F.R.D. 116. As has been discussed on the record, this Court finds that the issues involved in the instant civil proceeding and criminal investigation do not arise from the same transactions, therefore a stay is not warranted.

In balancing the remaining factors, which concern the interests of the Court and the private interests of the parties, once again the balance tips in favor of denial of the stay.

It is unrealistic to postpone the adversary proceeding indefinitely, as there are no indictments yet issued and no real showing that they will be issued soon. Additionally, courts have argued that "a policy of issuing stays 'solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration.'" *Arden Way Assoc. v. Boesky*, 660 F.Supp. 1494, 1497 (S.D.N.Y.1987) (quoting *Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, Inc.*, 486 F.Supp. 1118, 1119 (S.D.N.Y.1980)). *See also Hakim*, 1993 WL 481335 at *2; *Private Sanitation*, 811 F.Supp. at 808.

The interests of the Plaintiff also weigh in favor of denying the stay. The Plaintiff has a legitimate interest in the expeditious resolution of the adversary proceeding in order to make a distribution to the creditors of the estate. This interest may be seriously prejudiced if a stay is granted at this time. The longer the civil proceeding is delayed, the less likely it is that the Trustee will be able to recover the assets that are sought. Delay will also prejudice the Trustee's ability to enforce any possible judgment, which further militates against granting a stay of this proceeding.

The prejudice to the Defendants that may result, on the other hand, is not sufficient to justify a stay. The Trustee has consented to waive discovery in this action. This Court shall enjoin the United States from discovery, but only as to the issues and facts relating to the Trustee's complaint. This negates the assertion that the Government will have unfettered access to discovery, which would otherwise be denied to it in the context of a criminal case. If the Government were given access to the more lenient rules of civil discovery and the possibility existed for the Government to use this discovery in a criminal case, a more persuasive argument for granting a stay could be made. The Government in that situation may be able to gather more information through civil discovery than it could through criminal discovery, which it would then be able to use in the criminal action. However, this issue no longer exists since the Trustee has waived discovery, and the Government will be pre-cluded from discovery as to the issues raised in Plaintiff's complaint.

This Court finds that the transactions being challenged in the Trustee's civil proceeding and the criminal investigation are not sufficiently similar, which greatly reduces the Debtor's chances of self incrimination in defending the civil proceeding. Even if the individual Defendants choose to assert their Fifth Amendment rights in the civil case, "'the adverse inference that may be drawn will be only one of a number of factors the fact finder will consider ... and will be given no more evidentiary value than the facts of the case warrant.'" *District Council*, 782 F.Supp. at 925–26 (quoting *S.E.C. v. Grossman*, 121 F.R.D. 207, 210 (S.D.N.Y.1987) [citations omitted]). Additionally, the mere fact that a defendant must choose between testifying and risk self incrimination, or asserting his Fifth Amendment right and risking the drawing of adverse inferences, is insufficient to justify a stay of civil discovery. *Hakim*, 1993 WL 481335 at *2; *see also District Council*, 782 F.Supp. at 925. The corporate Defendants in this case, however, are not faced with such a choice, as corporations, partnerships, and labor unions are not entities entitled to the Fifth Amendment privilege against self incrimination. *See Braswell v. United States*, 487 U.S. 99, 105, 108 S.Ct. 2284, 2288, 101 L.Ed.2d 98 (1988); *Volmar*, 152 F.R.D. at 40–41.

The Debtor's books and records which are in the Trustee's possession are public record, not information which would be withheld from any interested party. Additionally, there is no attorney-client privilege as between the Debtor corporation and the Trustee which may be asserted by any of the Defendants. *In re O.P.M. Leasing Services*, 670 F.2d 383 (2d Cir.1982).

Since the subject matter of the civil case and the criminal investigation appear to diverge, the fear that the defendant's Fifth Amendment rights will be undermined is lessened, if not completely inapplicable. It is unlikely that the Government will obtain advance exposure to the Defendants' defense strategy which may be employed in any criminal action, or any information from the De-

fendants which is not already a matter of public record.

Based on the above factors, the Defendants' motion seeking a stay as to the Trustee's cause of action is denied, without prejudice to renew, in the event that other compelling factors arise. With respect to the Government, the Court shall stay the Government from conducting discovery as to the Trustee's causes of action against the individual Defendants, which stay shall be subject to review upon good cause shown.

### CONCLUSION

This Court has jurisdiction over the instant motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(H).

Based on the reasons set forth above, this Court denies Defendant's motion to stay the adversary proceeding, without prejudice.

The Government is stayed from conducting discovery of the individual defendants in regard to the causes of action alleged in the Trustee's complaint.

SETTLE an Order in accordance with this Decision within seven (7) days hereof.