Barbara SCHAFFER, Derivatively, on behalf of Lasersight Incorporated, Plaintiff,

v.

CC INVESTMENTS, LDC, Castle Creek Partners, LLC, Societe Generale Shepherd Investments International, Ltd., Stark International, Brian J. Stark, Michael A. Roth, and Lasersight Incorporated, Defendants.

No. 99 Civ. 2821(VM).

United States District Court, S.D. New York.

Jan. 7, 2002.

Glenn F. Ostrager, Joshua Seth Broitman, Ostrager, Chong, Flaherty & Onofrio, P.C., New York City, Paul D. Wexler, Bragar, Wexler, Eagel & Morgenstern, L.L.P., New York City, for Barbara Schaffer, derivatively on behalf of Lasersight Incorporated.

Scott Edelman, Milbank Tweed Hadley & McCloy, New York City, Scott A. Edelman, Milbank, Tweed, Hadley & McCloy, LLP, New York City, for CC Investments, LDC, Castle Creek Partners, LLC.

Steven Carl Bennett, Jones, Day, Reavis & Pogue, New York City, for Societe Generale.

Matthew Lawrence Craner, Schulte Roth & Zabel, LLP, New York City, Daniel J. Kramer, Schulte, Roth & Zabel, L.L.P., New York City, for Shepherd Investments International, Ltd., Stark International, Brian J. Stark, Michael A. Roth.

Gary Meyerhoff, Sonnenschein, Nath & Rosenthal, New York City, for Lasersight Incorporated.

### ORDER

MARRERO, District Judge.

In response to Plaintiff Barbara Schaffer's ("Plaintiff") letter dated December 10, 2001, the Court held a conference on December 11, 2001, in the above-captioned matter to discuss the status of discovery. To expeditiously resolve the dispute identified by Counsel at that conference, the Court referred Plaintiff and Defendants CC Investments, LDC, Castle Creek Partners, LLC, Societe Generale, Shepherd Investments International, Ltd., Stark International, Brian J. Stark, Michael A. Roth, and Lasersight Incorporated (collectively "Defendants") to arrange a conference with Magistrate Judge Henry B. Pitman for resolution of "all remaining discovery issues and pretrial proceedings" including those identified in Plaintiff's December 10, 2001 letter. (Order of Reference to a Magistrate Judge dated 11

December 2001.) Magistrate Judge Pitman held the conference on December 17, 2001.

In addition to appearing at the December 17, 2001 conference, the parties submitted letter briefs with exhibits for his review. Magistrate Judge Pitman issued a written order confirming his rulings during the conference that, *inter alia*, Plaintiff is not entitled to obtain discovery concerning Defendants' activities after June 5, 1998, and that Plaintiff may not obtain original documents concerning Defendants' trades in Lasersight Incorporated securities. (Order dated October 18, 2001 ("Order").) By letter dated December 20, 2001, Plaintiff requested that the Court reconsider those two components of the Order.

Magistrate judges have broad discretion to resolve the discovery disputes referred to them. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 524, 527 (1990); *United States v. District Council*, 782 F.Supp. 920, 922 (S.D.N.Y.1992). A district court reviews non-dispositive orders issued by a magistrate judge under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also Thomas E. Hoar, Inc.*, 900 F.2d at 525. The party seeking to overturn a magistrate judge's decision carries a heavy burden. *Citicorp v. Interbank Card Ass'n*, 87 F.R.D. 43, 46 (S.D.N.Y.1980). A party is entitled to discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party". Fed.R.Civ.P. 26(b)(1). Discovery may be limited by Court Order if it would be, *inter alia*, unreasonably cumulative or duplicative, unduly burdensome, or the party seeking the discovery had ample opportunity to obtain it previously. *See* Fed.R.Civ.P. 26(b)(2).

Plaintiff has not met her burden. As an initial matter, the reference to Magistrate Judge Pitman was limited by the Court's August 1, 2001 Order permitting additional, limited discovery relevant to specific claims. Further, the discovery pertaining to periods after June 5, 1998, concerns a timeframe that is not clearly identified in the Amended Complaint, the Court's August 1, 2001 Order, nor any other discovery-related ruling. Moreover, Plaintiff did not clearly

show how the requested discovery might be relevant to the specific issues identified in the Court's August 1, 2001 Order. Finally, Plaintiff has not shown that production of voluminous individual trade records is necessary where Defendants have produced summaries of that trading activity. In light of the August 1, 2001 Order, and the doubtful relevance of the requested discovery, the Court determines that Magistrate Judge Pitman's Order is not clearly erroneous or contrary to law.

For the foregoing reasons it is hereby

**ORDERED** that Plaintiff's request for reconsideration of Magistrate Judge Pitman's Order dated December 18, 2001, is DE-NIED.

**SO ORDERED.**