Charles A. GIULINI, Jr., Mary Jane Giulini, Anthony J. Garri and Rosemary Garri, Plaintiffs-Appellants,

v.

Richard R. BLESSING, individually and as Village Administrator of the Village of Pelham Manor, and The Village of Pelham Manor, an incorporated municipality situate in the County of Westchester, State of New York, Defendants-Appellees.

No. 890, Docket 80–7903.

United States Court of Appeals, Second Circuit.

Argued March 12, 1981.

Decided July 2, 1981.

Charles A. Giulini, Jr., New York City (Michael Joseph J. Barnas, New York City, on brief), pro se and for plaintiffs-appellants.

Jack Kaufman, New York City (George P. Forbes, Jr., Larchmont, N.Y., Sp. Counsel), for defendants-appellees.

Before FRIENDLY, MANSFIELD and KEARSE, Circuit Judges.

MANSFIELD, Circuit Judge:

Charles A. Giulini, Jr., Anthony J. Garri and their wives, residents of the Village of Pelham Manor (Pelham), appeal from an order and judgment of the District Court for the Southern District of New York entered on October 24, 1980, pursuant to the direction of Judge Thomas P. Griesa, dismissing *sua sponte* for lack of subject matter jurisdiction their civil rights complaint filed under 42 U.S.C. § 1983, which attacked the constitutionality of zoning ordinances adopted by Pelham, an unincorporated municipality, regulating use of land in the residential zones where appellants live. Appellants, invoking federal jurisdiction under 28 U.S.C. § 1331(a) and 1343(3), sought a declaratory judgment, injunction, and damages. The principal ordinance challenged, § 32, par. 6(f), prohibits the development of an unenclosed automobile parking area on a residential lot within 25 feet of the front lot line. The same section also prohibits the parking or garaging of a commercial vehicle on any part of a residential lot, whether or not enclosed.[1] Appel-

---

1. The Village of Pelham Ordinances, § 32, par. 6(f) provides:

"In any residence 'AAA', 'AA', 'A' and 'B' district no unenclosed off-street parking area

lants, who concededly violate § 32, par. 6(f), claim that it deprives them of their property and liberty interests without due process of law. We reverse the dismissal of the action for lack of jurisdiction and remand the case to the district court with directions to deny declaratory or injunctive relief and to stay disposition of appellants' damages claim pending conclusion of state criminal proceedings against appellants charging violation of the Pelham ordinances attacked here, in which the issue of their constitutionality has been raised.

The Giulinis own and reside in their one-family home, with one-car garage, on a plot of land in Pelham. They own three passenger automobiles and, in addition, Mrs. Giulini owns one Good Humor Ice Cream truck, all of which are kept on the same premises. The Garris also own and live in a Pelham one-family home with one-car garage and own two passenger sedans plus one antique 1950 Ford pickup truck not used commercially, which they keep on their premises.

Because of the configuration and nature of their lots (the substratum of the Giulini premises is solid rock and appellants' driveways could not be widened or lengthened) it would be impossible for the Giulinis or the Garris to keep the number of vehicles owned by them on their respective premises without violating § 32, par. 6(f) by parking one or more of their vehicles within 25 feet of the front line of each property. Moreover, Mrs. Giulini's Good Humor truck, being commercial in nature, could not be kept anywhere on their property without violating the same ordinance.

The complaint in the present action, which must be taken as true at this stage, alleges that it is physically impracticable, because of the nature of the substratum and the geography of their Pelham plot, to construct a garage capable of housing their vehicles that will comply with § 32, par. 6(f), that they are prohibited by another local ordinance from parking any of the vehicles on the street, and that there is no public overnight parking facility provided by Pelham. It further asserts that Mr. Giulini, a lawyer, and two of his children living with him need automobiles for their activities. The complaint does not state whether the Good Humor ice cream truck is used by any member of the family.

Appellants' complaint further alleges that § 32, pars. 6(a) and (f) are "anachronisms" which do not serve or promote the health, safety, morals or general welfare of the community, do not have any rational basis and were not enacted in accordance with any comprehensive plan of land use. The effect of the ordinance, plaintiffs allege, is to deprive them of their property and liberty interests without due process of law by preventing them from using a portion of their premises as a carport, by forcing them to relinquish rights to motor vehicles needed for their profession and other activities, and by interfering unreasonably with their life style. The complaint also claims violations of the due process clause of the New York State Constitution and of Article I, § 7(a) of that constitution, which prohibits confiscation of property without just compensation.

shall be developed within twenty-five (25) feet of a front lot line or shall be developed within five (5) feet of a side or rear lot line. In any residence 'AAA', 'AA', 'A', 'B' or multi-family districts no commercial vehicle of any kind or description shall be garaged in or upon said premises nor shall any such vehicle be parked in the driveway or elsewhere in or upon said premises."

Appellants also attack § 32, par. 6(a), which limits the issuance of permits for development of land for off-street parking use and § 32, par. 6(c), which permits construction of only one parking space per one-family dwelling. In addition, the Giulinis claim that Pelham is in the process of enforcing against them certain other ordinances for the purpose of harassing them in retaliation for their refusal to comply with § 32, par. 6(f). For instance, it is alleged that Mrs. Giulini has been found guilty of violating Ch. VI, § 51 of Pelham's ordinances by stacking railroad ties on the sidewalk in front of the Giulinis' home; that Mr. Giulini has been charged with violation of § 53, par. (b) of Pelham's General Code by putting in a gutter near his home a waste mixture of cement, sand and water; and that he has been accused of constructing a retaining wall on his premises without a building permit in violation of § 1022, par. 1 of the General Code. However, the only alleged violations of appellants' civil rights are § 32, par. 6(a) and (f).

By notices dated July 28 and 29, 1980, appellee Richard R. Blessing, Pelham's administrator, advised the Giulinis that they were in violation of § 32, par. 6(f). Criminal prosecutions were then commenced against the Giulinis on September 18, 1980, by service of a criminal summons and complaint, including a charge of violation of § 32, par. 6(f), returnable on September 23, 1980. By Notice of Violation dated September 16, 1980, Blessing notified the Garris that they were violating the same ordinance, which might "subject [them] to penalties provided by law." On October 7, 1980, the Giulinis and Garris commenced their present action, which was dismissed by Judge Griesa for lack of federal jurisdiction on October 21, 1980. On November 3, 1980, appellants filed their notice of appeal. Following the taking of the appeal, criminal proceedings were commenced against the Garris for violation of § 32, par. 6(f) by service of a summons returnable in the Pelham Justice Court. In both proceedings the Giulinis and Garris, respectively, defended on the ground that § 32, par. 6(f) violated their constitutional rights.

On November 18, 1980, Mr. Giulini was tried without a jury on the criminal charges against him, found guilty, and sentenced to pay a fine. An appeal was taken to the Appellate Term of the Supreme Court of the State of New York, which is pending. On January 15, 1981, the charges against Mr. Garri were tried before the Pelham Justice Court and on June 9, 1981, the Hon. Jennings T. Smith, Acting Village Justice of the Village of Pelham Manor, handed down two written decisions, one finding Garri guilty of violating § 32, par. 6(f) by parking on his premises a Consolidated Edison pickup truck apparently used by him as an employee of Con Edison, a public utility, and fining him $50. The other found Mr. Garri guilty of violating § 32, par. 6(f) by developing an unenclosed off-street parking area within 25 feet of his front lot line, which was being used for parking, and fining him $250. Both decisions expressly upheld without discussion the constitutionality of § 32, par. 6(f). Garri has 30 days from the filing of the decisions within which to appeal.

## DISCUSSION

A complaint under 42 U.S.C. § 1983 charging denial of constitutional rights by a state agency may not be dismissed for lack of jurisdiction unless it appears that the claim is patently frivolous or wholly insubstantial. *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974); *Bell v. Hood*, 327 U.S. 678, 681–82, 66 S.Ct. 773, 775–76, 90 L.Ed. 939 (1946). For jurisdictional purposes the test is whether the complaint on its face, without resort to extraneous matter, is so plainly insubstantial as to be devoid of any merits and thus not presenting any issue worthy of adjudication.

Applying this standard, we are persuaded that the district court was obligated to entertain this action in which the complaint alleged the deprivation, under color of state law, of constitutional rights. Although success on the merits may be unlikely, appellants allege that § 32, par. 6(f) does not have any rational relationship to exercise by the state of its police power and was not enacted as part of any comprehensive land use plan. This is sufficient to confer jurisdiction.

Ordinarily, since the district court did not pass on the merits of appellants' claims, it would be unnecessary for us to explore the matter further. However, Judge Griesa, by adding to his endorsement the statement, "[a]ny and all constitutional questions may be raised in the state courts" and by citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Mitchum v. Foster*, 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), and *Heimbach v. Village of Lyons*, 597 F.2d 344 (2d Cir. 1979), indicated a possible intent to dismiss the action not on jurisdictional grounds but for the reason that, in the exercise of principles of equity, comity, and federalism, he felt obligated not to interfere with pending state criminal proceedings in which the

identical constitutional issues were raised as defenses, as was the case in *Younger v. Harris, supra.* This reasoning provides an acceptable basis for denial of the Giulinis' demand for declaratory and injunctive relief, since state criminal proceedings against them, in which their constitutional claims were interposed as defenses, were pending at the time when they commenced this action. It does not support the district court's refusal to entertain the Garris' application for such relief, since at the time of dismissal no state criminal proceeding was "pending" against them within the meaning of *Younger* and *Samuels v. Mackell,* 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971). See *Steffel v. Thompson,* 415 U.S. 452, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974); *Wooley v. Maynard,* 430 U.S. 705, 97 S.Ct. 1428, 51 L.Ed.2d 752 (1977). However, "where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of *Younger v. Harris* should apply in full force," *Hicks v. Miranda,* 422 U.S. 332, 349, 95 S.Ct. 2281, 2291, 45 L.Ed.2d 223 (1975). See also *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 929, 95 S.Ct. 2561, 2566, 45 L.Ed.2d 648 (1975). Here no proceedings by the district court went to the merits of the action and "no contested matter had been decided," 422 U.S. at 929, 95 S.Ct. at 2566. The sole action was a *sua sponte* dismissal by Judge Griesa for lack of jurisdiction, which we do not view as a proceeding of "substance on the merits." The Garris' request for declaratory and injunctive relief was, therefore, properly denied. See, in accord, *Nevin v. Ferdon,* 413 F.Supp. 1043, 1049 (N.D.Cal. 1976) (three-judge court).

Appellants' damages claims stand on a different footing. The pendency of a state proceeding raising identical issues does not entitle a federal court to dismiss a federal action over which it has mandatory subject matter jurisdiction, except in circumstances not found here. See *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976); *Harris County Commissioners Court v. Moore,* 420 U.S. 77, 83, 95 S.Ct. 870, 874, 43 L.Ed.2d 32 (1975); *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 188–89, 79 S.Ct. 1060, 1062–63, 3 L.Ed.2d 1163 (1959); *Louisiana Power & Light Co. v. City of Thibodaux,* 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058 (1959); *Meredith v. Winter Haven,* 320 U.S. 228, 234–35, 64 S.Ct. 7, 10–11, 88 L.Ed. 9 (1943); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); *Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Absent such circumstances, "[e]ach court is free to proceed in its own way and its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of *res adjudicata* by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case," *Kline v. Burke Construction Co.,* 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226 (1922). See also *Atlantic Coast Line v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 295, 90 S.Ct. 1739, 1747, 26 L.Ed.2d 234 (1970); *Mandeville v. Canterbury,* 318 U.S. 47, 49, 63 S.Ct. 472, 473, 87 L.Ed. 605 (1943); *Ballantine Books, Inc. v. Capital Distributing Co.,* 302 F.2d 17, 19–20 (2d Cir. 1962); *Ferguson v. Tabah,* 288 F.2d 665, 672 (2d Cir. 1961).

However, a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views. *Ungar v. Mandell,* 471 F.2d 1163, 1166 (2d Cir. 1972); *Rosenfeld v. Black,* 445 F.2d 1337, 1341 n.5 (2d Cir. 1971); *Klein v. Walston & Co.,* 432 F.2d 936, 937 (2d Cir. 1970); *Mottolese v. Kaufman,* 176 F.2d 301, 302 (2d Cir. 1949). Indeed, the state court decision might under some circumstances provide a defendant in the federal action with the defense of col-

lateral estoppel, see *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534 (1951); *Sealfon v. United States*, 332 U.S. 575, 578, 68 S.Ct. 237, 239, 92 L.Ed. 180 (1948); *Klein, supra,* since the mutuality-of-parties doctrine would not apply, *Parklane Hosiery Co., Inc., et al. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder-Tonue Laboratories Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). On this record such a stay would represent an exercise of sound discretion. The identical constitutional issues have been decided against appellants by the Pelham Justice Court and a ruling on the constitutional issues by the Appellate Term of the Supreme Court, to which the Giulinis have appealed, is expected in their state case.

Accordingly the order of the district court dismissing the action for lack of subject matter jurisdiction is reversed and the case is remanded to the district court with directions to deny declaratory or injunctive relief and to hold the case in abeyance pending final adjudication of the constitutional issues by the state courts.