**Melvin ESTES–EL, Plaintiff,**

v.

**LONG ISLAND JEWISH MEDICAL CENTER, et al., Defendants.**

**No. 95 Civ. 1047 (LAK) (AJP).**

United States District Court,
S.D. New York.

Oct. 20, 1995.

Melvin Estes–El, pro se.

Shaun Scott Mason, New York City, for defendants.

KAPLAN, District Judge.

Motion Denied. The report and recommendation of Mag. Judge Peck is adopted and the objections overruled.

SO ORDERED.

PECK, United States Magistrate Judge.

Plaintiff Melvin Estes–El has sued the New York City Police Department and Police Officer Henry, pursuant to 42 U.S.C. § 1983, for damages for alleged wrongful detention arising from an altercation at Long Island Jewish Medical Center ("LIJ") on October 27, 1994.[1]  As a result of the same altercation, plaintiff Estes–El was arrested and charged with Assault in the Third Degree (N.Y.Penal Law § 120.00–1).  When plaintiff Estes–El did not appear for his state court arraignment on January 11, 1995, the court issued a warrant for his arrest.  Because of this, the state criminal charges against plaintiff Estes–El remain unresolved.

Defendants have moved to stay this federal civil action until the parallel state court criminal proceedings against plaintiff Estes–El are resolved.  For the reasons set forth below, I recommend that the Court grant defendants' motion and stay this action until resolution of the parallel state court criminal proceedings.

### *ANALYSIS*

It is well-settled that the Court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.  *See, e.g., Deakins v. Monaghan,* 484 U.S. 193, 202, 108 S.Ct. 523, 529–30, 98 L.Ed.2d 529 (1988) (in § 1983 action, approves of court rule requiring a district court to stay rather than dismiss federal civil action in favor of state criminal proceedings); *Mack v. Varelas,* 835 F.2d 995, 999–1000 (2d Cir.1987) (orders stay of § 1983 action pending resolution of parallel state criminal proceedings; "postpone-

---

1. The Court dismissed this action as to LIJ on April 12, 1995.

ment of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); *Giulini v. Blessing,* 654 F.2d 189, 193 (2d Cir. 1981) (a "federal court is not precluded, in the exercise of its discretion, from staying proceedings in the [civil] action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views."); *Oakes v. Cooke,* 858 F.Supp. 330, 334 (N.D.N.Y.1994) ("the Second Circuit requires federal district courts to stay rather than dismiss 1983 actions while state criminal proceedings are pending"); *Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. 36, 39–42 (S.D.N.Y.1993) (stays civil discovery until resolution of parallel state criminal proceedings, to "avoid duplication of effort and unnecessary litigation costs" and because "the outcome of the criminal case may encourage settlement" of the federal civil action).

■ In *Volmar,* Judge Conner summarized the factors the Court should consider in deciding whether to grant a stay:

> When deciding whether to grant a stay, courts consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. at 39. These factors support staying this action until resolution of the state court criminal action.

It is undisputed that this action and the state court criminal action are based on the same events of October 27, 1994. Disposition of the criminal charges may well be determinative of plaintiff Estes–El's § 1983 claims, because if plaintiff Estes–El is convicted of assault, his false arrest claim will be barred. *See, e.g., Roesch v. Otarola,* 980 F.2d 850, 853 (2d Cir.1992); *Cameron v. Fogarty,* 806 F.2d 380, 386–89 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987). The interest of judicial economy strongly supports a stay.

Moreover, proceeding with civil discovery could prejudice defendants (by allowing plaintiff Estes–El greater discovery than he could obtain in the criminal proceedings) or even plaintiff Estes–El (because of potential Fifth Amendment issues). *See, e.g., Volmar Distributors, Inc. v. New York Post Co.,* 152 F.R.D. at 39–40; *In re Ivan F. Boesky Securities Litigation,* 128 F.R.D. 47, 49–50 (S.D.N.Y.1989) (Pollack, J.).

Plaintiff's only claim of prejudice from a stay is that defendants allegedly brought this motion at the last minute, shortly before the October 2, 1995 discovery cutoff date.[2] Plaintiff will not be prejudiced, however, because the Court will set a new discovery cutoff date after the stay is lifted to give the parties time for discovery. Thus, the only "burden" to plaintiff from a stay is delay. That, however, is largely in plaintiff Estes–El's control. He currently is a "fugitive," having failed to appear for his January 11, 1995 arraignment date. Once plaintiff Estes–El surrenders or is arrested, the District Attorney "fully intends to vigorously prosecute" plaintiff Estes–El. (Affidavit of Assistant District Attorney Frederica Jeffries, ¶ 6.)

Finally, plaintiff Estes–El attacks the validity of the desk appearance ticket he received and claims that there are "many other judicial reasons" why the state criminal proceeding may not proceed against him. Those arguments, however, should be addressed to the state court.[3]

---

2. Plaintiff Estes–El also points to a June 15, 1995 letter to the Court from Corporation Counsel advising, *inter alia,* that "defendants seek to proceed with discovery in this action." While defendants could and should have made this motion earlier in this action, plaintiff has not claimed any prejudice from this statement to the Court. The Court does not believe that

defense counsel's statement is sufficient reason to deny a stay and risk interfering with a pending criminal proceeding.

3. By letter dated August 29, 1995 to plaintiff, Corporation Counsel stated that in response to his letter to the Court requesting a pre-motion conference, "Judge Kaplan's law clerk informed me that I should make a motion seek-

### CONCLUSION

For the reasons set forth above, I recommend that the Court stay this action until resolution of the parallel state court criminal proceedings against plaintiff Estes–El. The parties are directed to keep the Court informed as to the status of the state court proceedings.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

■ Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 1310, and to the chambers of the undersigned, 40 Centre Street, Room 540. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. Failure to file objections may result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983).

Dated: New York, New York

September 28, 1995

---

ing the stay." Plaintiff Estes–El expresses outrage that "The Judge's law secretary is practicing law for the City of New York by advising the City Corporation Counsel what motions to file" and alleges that this violates plaintiff's rights. Plaintiff Estes–El misunderstands the Court's procedures. Many judges of this Court require a party to seek a pre-motion conference before the party can file a motion. When defense counsel here sought such a pre-motion conference, Judge Kaplan's chambers instructed him that defendants could file their proposed motion without the need for a pre-motion conference. The judge's chambers was not in any way practicing law for or advising defendants' counsel.