Joe JACKSON, et ano., Plaintiffs,

v.

Thomas JOHNSON, etc., et ano., Defendants.

No. 97 Civ. 1592 (LAK).

United States District Court, S.D. New York.

April 16, 1997.

Joe Jackson, Attica, NY, Ruby Jackson, New York City, pro se.

## ORDER

KAPLAN, District Judge.

Plaintiffs' motion for a temporary restraining order, filed March 10, 1997, is denied for the reasons stated in the report and recommendation of Magistrate Judge Peck. The letter dated April 11, 1997 objecting to the report and recommendation sets forth no basis for reaching a different conclusion. While the Court accepts that plaintiff Joe Jackson is fearful, his subjective feelings do not amount to a sufficient basis for the relief he seeks.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

PECK, United States Magistrate Judge.

Plaintiff Joe Jackson, an inmate currently incarcerated at the Attica Correctional Facility, brings this action pro se against Thomas Johnson, a corrections officer at Fishkill Correctional Facility, and against Glen S. Goord, Commissioner of Correctional Services. Plaintiff Jackson's wife, Ruby Jackson, is also a named plaintiff.

The complaint alleges, *inter alia*, that Mr. Jackson was punished in various ways in violation of due process and in retaliation for his having asked to be placed in protective custody while at Fishkill, and that prisoners acting in concert with the defendants have attacked him. The complaint alleges that Jackson was transferred from Fishkill to Auburn, where he was attacked by another inmate and a civilian prison instructor and then transferred to Attica. The complaint does not allege any attacks on plaintiff while at Attica.

Along with the complaint, Jackson filed a proposed order to show cause and a request for a temporary restraining order, to restrain all Department of Correctional Services employees, and inmates acting in concert with them, from retaliating against Jackson, and from beating or injuring Jackson. Jackson's temporary restraining order request also seeks immediate transfer to a minimum or medium security facility within 60 miles of New York City.

I recommend that Jackson's order to show cause and request for a temporary restraining order be denied.

■ A temporary restraining order, like a preliminary injunction, is an extraordinary remedy that will not be granted lightly. *See, e.g., Borey v. National Union Fire Ins. Co.,* 934 F.2d 30, 33 (2d Cir.1991); *Von Grabe v. Ziff Davis Pub. Co.,* 91 Civ. 6275, 1994 WL 719697 at \*1 (S.D.N.Y. Dec.29, 1994). In the Second Circuit, the standard for a temporary restraining order is the same as for a preliminary injunction. *See, e.g., Local 1814 Int'l Longshoremen's Ass'n, AFL–CIO v. New York Shipping Ass'n. Inc.,* 965 F.2d 1224, 1228 (2d Cir.) (quoting unpublished district court opinion by Judge Sand), *cert. denied,* 506 U.S. 953, 113 S.Ct. 406, 121 L.Ed.2d 331 (1992); *Roberts v. Atlantic Recording Corp.,* 892 F.Supp. 83, 86 (S.D.N.Y.1995); *Von Grabe v. Ziff Davis Pub. Co.,* 1994 WL 719697 at \*1; *Century Time Ltd. v. Inter-*

*chron Ltd.,* 729 F.Supp. 366, 368 (S.D.N.Y. 1990). The standard for a preliminary injunction is well established in the Second Circuit:

> A preliminary injunction may be granted only upon a demonstration of "irreparable harm, and 'either (1) a likelihood of success on the merits of [the] case or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in [ ] favor [of the moving party].' " *Polymer Technology Corp. v. Mimran,* 37 F.3d 74, 77–78 (2d Cir.1994) (quoting *Coca–Cola Co. v. Tropicana Prods. Inc.,* 690 F.2d 312, 314–15 (2d Cir.1982)); *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam)

*Waldman Pub. Corp. v. Landoll, Inc.,* 43 F.3d 775, 779–80 (2d Cir.1994) (brackets in *Waldman*).

■ Jackson's supporting affidavit is entirely conclusory. Indeed, even when the complaint's allegations are considered, there is no indication that Jackson has been hurt, or is in imminent danger of being hurt, by other prisoners while at Attica, as opposed to his prior prisons. He thus has not demonstrated a sufficient factual basis of irreparable harm to justify a temporary restraining order or even for the Court to issue the order to show cause.[1]

The Court notes one further fact—Jackson's order to show cause request is dated December 31, 1996 and was received in the Court's Pro Se Office on January 15, 1997, but not "filed" with the Court and brought to a Judge's attention until March 10, 1997. That two-month passage of time, during which no further communications were received from Mr. or Mrs. Jackson, further demonstrates that injunctive relief is not necessary to prevent imminent "irreparable harm" to Mr. Jackson.

## CONCLUSION

For the reasons set forth above, I recommend that the order to show cause and temporary restraining order be denied.

Mr. Jackson is to arrange for this Report and Recommendation to be served through the U.S. Marshalls office on defendants or their counsel.

## *FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION*

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from receipt of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan, 500 Pearl Street, Room 1310, and to the chambers of the undersigned, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Kaplan. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1054 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994); *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Frank v. Johnson,* 968 F.2d 298, 300 (2d Cir.), *cert. denied,* 506 U.S. 1038, 113 S.Ct. 825, 121 L.Ed.2d 696 (1992); *Small v. Secretary of Health & Human Services,* 892 F.2d 15, 16 (2d Cir.1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55, 57–59 (2d Cir.1988); *McCarthy v. Manson,* 714 F.2d 234, 237–38 (2d Cir.1983); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

DATED: April 7, 1997.

---

1. The Court also notes that his requested temporary restraining order would grant Mr. Jackson the affirmative relief of transferring him to a prison closer to New York, to allow Ruby Jackson to more easily visit him. Jackson has not presented any basis for such pro-active relief as part of a temporary restraining order (or preliminary injunction)