**John BRYANT, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF CORRECTION SERVICES ALBANY, et al., Defendants.**

**No. 00 Civ. 3728 (RMB)(FM).**

United States District Court,
S.D. New York.

June 14, 2001.

John Bryant, Ossining, NY, Pro se.

Eliot Spitzer, Attorney General of the State of New York, Melinda Chester–Spitzer, Assistant Attorney General, New York City, for Defendants.

### DECISION AND ORDER

BERMAN, District Judge.

## I. Background

On May 17, 2000, plaintiff John Bryant ("Plaintiff") filed a complaint with this Court, pursuant to 42 U.S.C. § 1983 ("Section 1983"), asserting that the New York State Department of Correctional Services ("DOCS"), the Sing Sing Correctional Facility ("Sing Sing"), and Sing Sing Officer, Hanser Hernandez ("Officer Hernandez") (collectively "Defendants"), violated his and other Sing Sing inmates' First, Fourth, Fifth, Eighth, and Fourteenth Amendment constitutional rights. Plaintiff, who is currently incarcerated and is appearing *pro se*, claims that from on or about December, 24, 1999 to on or about January 13, 2000, all of the inmates at Sing Sing were confined to their cells under "keep-lock" conditions pursuant to a "Code Blue" order. (*See* Complaint ("Compl.") at

1). The Code Blue was apparently issued in response to a report by Officer Hernandez which stated that he had found several rounds of ammunition hidden in an area at the prison accessible to inmates. (*See* Compl. at 6–7, Points 4,5). Subsequently, it was discovered that the report was false. Officer Hernandez was arrested and, thereafter, resigned from DOCS. (*See* Compl. at Ex. D).

Plaintiff alleges that as a result of the Code Blue, correction officers conducted searches of all of the inmates' cells at Sing Sing. (*See* Compl. at 1). During these searches, prison personnel were allegedly indifferent to the inmates' property, reading their legal mail and "disregard[ing]" their personal possessions. (*See* Compl. at 1–2, 8). Throughout the Code Blue, it is alleged that the inmates at Sing Sing were confined to their cells twenty-four hours a day, and were denied, among other things, showers, access to recreational facilities and the library, mail and telephone privileges, hot meals, clean linen, and the opportunity to attend religious services. (*See* Compl. at 3–7, 9). Additionally, the inmates were allegedly not allowed medical or dental "callouts," and medical treatment was provided strictly on an emergency basis. (*See* Compl. at 3, 5). As noted, the Code Blue lock down conditions at Sing Sing are alleged to have continued for at least twenty days. (*See* Compl. ¶ 4.B; at 5, Point 2; 11).

Additionally, Plaintiff alleges that DOCS violated certain state labor laws as a result of its failure to compensate inmates adequately for their work or permit them to "organize and bargain collectively." (*See* Compl. at 3–4). When the inmates at Sing Sing are not confined to their cells, they may participate in work programs which pay them "35 cents per day," a sum which is significantly lower than that paid for compensable work at other facilities, and which allegedly results from the inmates' inability to bargain collectively. (*See* Compl. at 3–4).[1]

Plaintiff seeks an order from this Court enjoining Defendants' future "abusive conduct." (*See* Compl. at 1).[2]

On August 30, 2000, DOCS moved to dismiss Plaintiff's claims against DOCS, pursuant to Fed.R.Civ.P. 12(b), on the grounds that this Court lacks subject matter jurisdiction under the Eleventh Amendment. On March 15, 2001, the Honorable Frank Maas, United States Magistrate Judge, to whom the matter had been referred on August 28, 2000, issued a Report and Recommendation ("Report") recommending that DOCS' motion to dismiss be granted.[3] On April 5, 2001, Plaintiff filed written objections to the Report ("Objections"). DOCS did not file objections to the Report. **For the reasons stated below, the Court concurs with Judge Maas' Report and grants DOCS' motion to dismiss.**

## II. Standard of Review

▮ The Court may adopt those portions of the Report to which no objections

---

1. Plaintiff claims that inmate compensation at other facilities are "5 to 6 times greater" than that at Sing Sing.

2. Plaintiff's complaint makes no application for monetary damages.

3. In his Report, Judge Maas clearly advised and notified the parties of the procedures for objecting to the Report, stating that "if they have any objections to this Report and Rec-

ommendation, they must, within ten (10) days ... make them in writing, [and] file them with the Clerk of the Court...." (Report at 5). Further, Judge Maas advised the parties that failure to file timely objections may "result in a waiver of those objections for purposes of appeal." Report at 6 (citing *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72(b)).

have been made and which are not facially erroneous. *See* Fed.R.Civ.P. 72(b); *see, e.g. Letizia v. Walker,* 1998 WL 567840, at *1 (W.D.N.Y. Aug. 27, 1998); *Pizarro v. Bartlett,* 776 F.Supp. 815, 817 (S.D.N.Y. 1991); *Nelson v. Smith,* 618 F.Supp. 1186, 1189 (S.D.N.Y.1985). The Court conducts a *de novo* review of those portions of the Report to which objections have been made. *See, e.g., Letizia,* 1998 WL 567840, at *1; *Pizarro,* 776 F.Supp. at 817. Once objections are received, a district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate. *See, e.g., DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood,* 679 F.Supp. 372, 374 (S.D.N.Y.1988). Where, as here, the plaintiff is *pro se,* "leniency is generally accorded...." *Bey v. Human Resources Admin.,* 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999).

## III. Analysis

Although its not entirely clear from the Objections, the Court has assumed that Plaintiff is challenging the Report in its entirety and has, therefore, conducted a *de novo* determination of the Report's findings and recommendations.

## A. Eleventh Amendment Immunity

■■■ The Eleventh Amendment of the United States Constitution bars a suit in law or equity in federal court by a citizen of a state against that state, absent the state's consent to such a suit or Congressional abrogation of immunity. *See Seminole Tribe of Florida v. Florida,* 517 U.S.

44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 99–101, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). State agencies, such as DOCS, serve as an arm of the state and are, similarly, entitled to Eleventh Amendment immunity.[4] *See Pennhurst,* 465 U.S. at 100, 104 S.Ct. 900; *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).

■■■ In order for a state to waive its Eleventh Amendment immunity, consent must be "unequivocally expressed." *Pennhurst,* at 99, 104 S.Ct. 900. The Report correctly concludes that "it is beyond dispute that the State of New York and its agencies have never consented to be sued in federal court."[5] Report at 4; *See also Dube v. State Univ. of New York,* 900 F.2d 587, 594–95 (2d Cir.1990), *cert denied,* 501 U.S. 1211, 111 S.Ct. 2814, 115 L.Ed.2d 986 (1991). Additionally, Congress did not abrogate New York's Eleventh Amendment immunity by enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Santiago v. New York State Dept. of Corr. Servs.,* 945 F.2d 25, 31 (2d Cir.1991). Section 1983 provides a means of redress when a "person" acting under the color of state law has deprived a plaintiff of civil liberties. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). It does not provide a federal forum for litigants who seek a remedy against a state for alleged deprivation of rights secured by the United States Constitution. *See Will,* 491 U.S. at 66, 69,

---

4. "State agencies, such as DOCS, are considered alter egos of the state which are also shielded from suit under the Eleventh Amendment." Report at 4.

5. The United States Court of Appeals for the Second Circuit in *Trotman v. Palisades Interstate Park Comm'n,* specifically refers to section eight of the New York Court of Claims

Act (Mckinney's Judiciary 1963) which provides that "the State of New York waives its immunity from liability and consents to be sued **upon the condition that the claimant brings suit in the Court of Claims.**" *Trotman v. Palisades Interstate Park Comm'n,* 557 F.2d 35, 39 (2d Cir.1977) (emphasis added).

109 S.Ct. 2304 ("We find nothing substantial in the legislative history that leads us to believe that Congress intended that the word 'person' in § 1983 included the States of the Union."). Moreover, state agencies do not fall within the meaning of "persons" for purposes of Section 1983. *See Kaplan v. New York State Dept. of Corrs.,* 2000 WL 959728, at *1 (S.D.N.Y.) (" **The law is clear that the state, and state agencies such as DOCS, are immune from prisoner § 1983 suits because of their Eleventh Amendment sovereign immunity.'** ") (quoting *Jackson v. Johnson,* 985 F.Supp. 422, 426 (S.D.N.Y.1997))(emphasis added). Accordingly, the Report correctly recommends that this Court lacks subject matter jurisdiction over this action as to DOCS and Sing Sing.

█ Although the notice of motion in this case was filed (only) on behalf of DOCS, Plaintiff's suit against Sing Sing must also be dismissed *sua sponte* under the Eleventh Amendment. "Sing Sing, as a part of DOCS, a state agency, is considered an arm of the state and stands in the same position as the State." *Jones v. Bishop,* 981 F.Supp. 290, 295 (S.D.N.Y. 1997), Report at 5.[6] Plaintiff's claims against Sing Sing should also be dismissed on Eleventh Amendment grounds.

## B. Plaintiff's Objections

█ Plaintiff claims that DOCS, Sing Sing, and Officer Hernandez, in their "individual capacity ... all acted under the color of state law in violation of [his] civil rights." (Plaintiff's Objs. at 2). He asserts that DOCS and Sing Sing, by maintaining "lock down procedures" with knowledge of Officer Hernandez's erroneous report and "knowing that the prison inmates [were] innocent of any wrongdoings," are responsible for the actions of its officers and employees in carrying out Code Blue procedures for an extended period of time. (Plaintiff's Objs. 1–2).[7] Plaintiff argues that the Court should allow the case to go forward pursuant to 42 U.S.C. § 1983. (Plaintiff's Objs. at 2).

█ Plaintiff's objections are not persuasive. It is well established that a state agency cannot be sued directly in its own name absent consent or statutory abrogation of immunity. *See Seminole,* 517 U.S. at 54, 116 S.Ct. 1114. Plaintiff must specifically "name as a defendant a state official rather than a state or a state agency directly." *Santiago,* 945 F.2d at 32. Section 1983 "permits individuals to seek injunctive relief against actors in their official capacities, *Edelman v. Jordan,* 415 U.S. 651, 677, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and to seek damages against them in their personal capacities." *Pritchett v. Artuz,* 2000 WL 4157, at *4 (S.D.N.Y.) (citations omitted). Plaintiff's action against Officer Hernandez, assuming proper service is or has been made (and/or accepted by DOCS) may, under these principles, go forward.

## IV. Conclusion and Order

For the foregoing reasons, Defendant's motion to dismiss as against DOCS and Sing Sing is granted.

**Plaintiff shall advise the Court in writing on or before June 29, 2001 of the**

---

**6.** Similarly, in *Gonzalez v. New York State Dept. of Corr. Servs. Fishkill Corr. Facility,* the Court determined that both the New York State Department of Correctional Services and the Fishkill Correctional Facility were "arms of the state." *Gonzalez v. New York State Dept. of Corr. Servs. Fishkill Corr. Facility,* 122 F.Supp.2d 335, 340 (N.D.N.Y.2000).

**7.** Plaintiff refers to DOCS and Sing Sing as "accomplices in the acts committed" and concludes that "all defendants act under the color of state law." (Plaintiff's Objs. at 2).

status of service of process upon **Officer Hernandez.** Plaintiff may wish to contact the Court's Pro Se Office, Rm. 230 of the United States Courthouse, 500 Pearl Street, New York, New York, for assistance in going forward.

The Clerk is respectfully requested to dismiss the action against Defendants DOCS and Sing Sing.